UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROOSEVELT D. GUY,

    *Plaintiff*,

v.                                  Civil Action No. 12-1557 (ESH)

THOMAS J. VILSACK,

    *Defendant*.

## MEMORANDUM OPINION

Plaintiff Roosevelt Guy filed a *pro se* lawsuit against Thomas Vilsack in his official capacity as Secretary of the United States Department of Agriculture ("USDA"), alleging that the USDA denied his farm loan application based on his race, in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691. (Compl., Sept. 18, 2012 [ECF No. 1].) Plaintiff now moves for judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 500-706. (Motion for Judicial Review ("Mot."), Aug. 26, 2013 [ECF No. 28].) For the reasons stated below, plaintiff's motion will be denied.

## BACKGROUND

### I. FACTS

In 2010, plaintiff applied for a farm loan from the Farm Service Agency ("FSA"), an agency within the USDA. (*See* Compl. at 1.) In a letter, the FSA denied plaintiff's loan application on the grounds that he failed to demonstrate an acceptable credit history and that he failed to show a feasible plan to pay both his expenses and all loan payments. (*See* Compl., Doc. E.) However, plaintiff believed that his loan application was actually denied because of his

1

race. (*See* Compl. at 2.) On September 18, 2012, he filed a complaint alleging unlawful discrimination under the ECOA. (*See* Compl. at 1-2, Doc. A.)

Parties are presently in the discovery stage of litigation. The Court's prior opinion discusses the significant discovery disputes that have plagued this case. (*See* Mem. Op., Aug. 19, 2013 [ECF No. 24].) Plaintiff has persisted in his refusal to participate in an in-person deposition. Plaintiff alleges that his "anxiety has grown so severe that [he] cannot bring himself to return to Washington D.C." (Mot. at 2.) At the request of the plaintiff, the Court held a telephonic status conference on August 21, 2013. During this status conference, plaintiff made clear that he does not intend to comply with the Court's Order that he make himself available for an in-person deposition in Washington, D.C. (*See* Order, Aug. 21, 2013 [ECF No. 27].) Plaintiff also verbally moved for judicial review of the administrative decision denying his USDA loan application. (*See id.*) At the Court's request, the parties briefed this motion, and the Court will now consider the merits of that motion.

**ANALYSIS**

Plaintiff's motion seeks judicial review of the FSA's decision to deny his loan application pursuant to the APA. Though the precise contours of plaintiff's APA claim are not entirely clear, the Court must construe a *pro se* plaintiff's motion broadly and look to the relief sought to infer the claims made wherever possible. *Bradley v. Smith,* 235 F.R.D. 125, 127 (D.D.C. 2006) ("[P]leadings filed by pro se litigants are liberally construed, and are held to less stringent standards than are applied to pleadings prepared by attorneys."). Liberally construing plaintiff's motion and reply, the Court understands his motion to seek judicial review of his discrimination claim (brought under ECOA) by virtue of his rights under the APA. Plaintiff views judicial review under the APA as an alternative means for adjudicating his ECOA claim without

participating in an in-person deposition in Washington, D.C. (*See* Reply to Opp'n at 2, Sept. 6, 2013 [ECF No. 30]) ("[This] alternative . . . allows both parties the opportunity to submit a brief on the merits which will allow the government the opportunity to dispute whatever they claim to vigorously dispute.").)

Yet, plaintiff's motion misconstrues the relief available under the APA. Plaintiff affirmatively states in his reply brief that he is "not bringing a claim under [the] APA" and "does not wish to amend his complaint to bring claims under [the] APA." (*Id.*) Instead, he is "simply using [the] APA as a discovery tool . . . ." (*Id.*) The APA is, however, not a discovery tool. The APA only provides for "any applicable form of *legal action* including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus . . . ." 5 U.S.C. § 703 (emphasis added). Taking plaintiff at his word, he does not seek to undertake any legal action under the APA. Rather, he merely seeks to have the Court consider his discrimination claim under ECOA as an administrative matter on the record without the need for further discovery. (*See* Reply at 2.) Because the APA does not provide this procedural remedy, plaintiff's motion must be dismissed.

In addition, despite plaintiff's repeated assertions to the contrary, one can broadly construe plaintiff's motion as a request for permission to bring an APA claim. The Court infers this request from plaintiff's statement that he "has made the presentation to the court that there is an administrative record and a report of investigation in regards to the above caption [sic] subject matter in which Plaintiff moves this court to provide judicial review thereof." (*See id.*) However, even construing plaintiff's motion as a request for review under the APA, it must be denied.

ECOA creates a private right of action against a creditor who "discriminate[s] against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race . . . ." 15

U.S.C. § 1691(a). Under the APA, a court only has jurisdiction over "[a]gency action made reviewable by statute and final agency action for which there is *no other adequate remedy* in a court." *Nat'l Ass'n of Home Builders v. Norton,* 415 F.3d 8, 13 (D.C. Cir. 2005) (quoting 5 U.S.C. § 704) (emphasis altered) (brackets in original). Where Congress provides for a "special and adequate review procedure," APA review is not permitted. *See Garcia v. Vilsack*, 563 F.3d 519, 522 (D.C. Cir. 2009) (citing *Bowen v. Massachusetts*, 487 U.S. 879, 904 (1988)). Because an alternative remedy already exists under the ECOA—a point which plaintiff concedes in his reply brief[1]— he may not bring an APA claim as well. *See Love v. Connor*, 525 F. Supp. 2d 155, 160 (D.D.C. 2007) ("The rule that emerges from this unbroken line of [D.C.] circuit decisions is that, where a victim of discrimination can sue directly to remedy her injury, no action will lie under the APA for failure to adequately investigate, monitor, or police that discrimination"); *see also Cottrell v. Vilsack*, 915 F. Supp. 2d 81, 90 n. 9 (D.D.C. 2013); *Williams v. Connor*, 522 F. Supp. 2d 92, 102-03 (D.D.C. 2007).

## CONCLUSION

For the foregoing reasons, plaintiff's motion is denied. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: September 12, 2013

---

[1] In his reply, plaintiff states "[t]he government is correct in that [the] ECOA provides adequate remedy for Plaintiff's discrimination claims." (Reply at 2.)